IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROBIN WOODS,                       )
                                   )
            Plaintiff,             )
                                   )
v.                                 )   Case No. CIV-12-456-RAW-KEW
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social             )
Security Administration,           )
                                   )
            Defendant.             )

**REPORT AND RECOMMENDATION**

Plaintiff Robin Woods (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on March 28, 1973 and was 38 years old at the time of the ALJ's decision. Claimant completed her high school education and 3 years of college with an Associate's Degree in Liberal Arts. Claimant has worked in the past as an office assistant, cashier checker, and data entry clerk. Claimant alleges an inability to work beginning November 11, 2004 due to limitations

resulting from bipolar disorder, severe depression with "very high highs and very low lows", crying, overly irritated, sometimes unable to be around people, unexplainable anger, disappointment, sadness, misery, and contemplating suicide. (Tr. 150).

**Procedural History**

On January 4, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 24, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Eleanor T. Moser. On March 14, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on September 14, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with some non-exertional limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) "deceiving the attorney and Ms. Woods into believing she would review all of the MER [Medical Evidence of Record]"; and (2) failing to properly considering Claimant's credibility.

**Consideration of the Record**

In her decision, the ALJ determined Claimant suffered from the severe impairments of seizure disorder, asthma, congenital kidney anomaly (missing one kidney), and bipolar disorder. (Tr. 33). She also found Claimant retained the RFC to perform a full range of work at all exertional levels except that could only occasionally climbing ladders and should avoid hazardous conditions such as material, machinery, and heights. The ALJ also determined Claimant was markedly limited in the ability to understand and carry out detailed instructions, markedly limited in the ability to interact with the public, and could adapt to a work situation. (Tr. 35). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of mail clerk, motel housekeeper, and laundry worker. The ALJ found these jobs existed in the national and state economies existed in sufficient numbers. (Tr. 40).

Claimant first contends the ALJ issued her decision

prematurely when she agreed to keep the record open for the submission of additional evidence for thirty days after the hearing. The administrative hearing was conducted on February 24, 2011. At that time, the ALJ noted that the medical record was incomplete as it related to Claimant's treatment in 2011 and from the Seminole County Health Department. (Tr. 49, 64-65). As a result, the ALJ specifically allowed Claimant's counsel thirty days to complete the record. (Tr. 65). This would have permitted Claimant until March 26, 2011 by which to supplement the record. Instead, the ALJ issued her decision on March 14, 2011, before Claimant had supplemented the record. Claimant did submit a Mental RFC Assessment dated March 10, 2011 from a counselor and a Psychiatric Review Technique from the same source. (Tr. 371-86). Of course, the ALJ did not reference these records in her decision. The Appeals Council referenced the assessment in its appellate decision but did not reference the PRT. The Appeals Council concluded the records would not have affected the ALJ's decision because "it relates to the period after you were last insured for disability benefits." (Tr. 2).

"The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." Clifton v. Chater, 79 F.3d 1007, 1009–10 (10th Cir.

1996). By permitting the supplementation of the record without considering the evidence which was submitted within the time frame allowed, the ALJ has failed in her duty to consider all evidence. Moreover, the Appeals Council's partial consideration of the supplemented records does not cure the omission. While it found the record it considered related to a period outside of the insured period, it did not consider whether the findings related back to the relevant period. Baca v. Dept. of Health & Human Servs., 5 F.3d 476, 479 (10th Cir. 1993) (medical records that post-date the relevant time frame may be considered if they relate back to the relevant time frame). The supplemented records from Claimant's counselor on their face do not limit the findings to the time frame when they were authored. As such is the case, the ALJ shall consider the supplemented records on remand and reconsider her decision in light of these records.

**Credibility Determination**

Claimant contends the ALJ failed to link her findings to the record. The ALJ made the oft repeated finding that ". . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." As this Court has stated on numerous occasions, the

ALJ appears to have inappropriately determined the credibility of Claimant's statements of impairment based upon an already determined RFC rather than considering the statements in formulating the RFC. More importantly, the ALJ did not affirmatively link her findings to the medical record but rather simply cited Claimant's testimony then found it incredible in light of the RFC previously established in the decision.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." <u>Kepler v. Chater</u>, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. <u>Id</u>.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses

or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. On remand, the ALJ shall reassess her findings on credibility, making the required link to the medical record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of February, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE